IN THE UNITED STATES DISTRICT COURT FILED
NORTHERN DISTRICT OF ALABAMA
Southern Division      2009 NOV 25  P 1: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MECHECA S. PRINCE, individually and on behalf of a class of similarly situated persons described herein, | )<br>)<br>)<br>)<br>)<br>) CV-09-BE-2393-S<br>) |
| PLAINTIFF, | )<br>) |
| VS | )<br>) |
| MOTORMAX FINANCIAL SERVICES, CORPORATION, | )<br>)<br>) |
| DEFENDANT. | ) |

## COMPLAINT FOR INDIVIDUAL AND CLASS ACTION RELIEF

**COMES NOW** plaintiff, and files the following complaint pursuant to Rule 8 and Rule 23 of the *Federal Rules of Civil Procedure*:

### INTRODUCTION

This action seeks redress for Truth in Lending violations committed by defendant, Motormax Financial Services Corporation, ("Motormax") in connection with an extension of credit to Plaintiff. The Plaintiff complains that defendant violated the Truth-in-Lending Act's ("TILA") requirement that the consumer, in a closed-end credit transaction, make an affirmative written request for insurance as strictly required by Regulation Z § 226.4(d)(1)(ii). Incident to the extension of credit, Plaintiff was charged

1

$330.00 for "GAP" waiver. Plaintiff had not requested any "GAP" coverage. Furthermore, GAP coverage was not needed because the value of her vehicle was more than enough to cover the debt. Plaintiff was also charged $99.00 for "Document Fee" which was improperly included in the Amount Financed. Accordingly, the Document and GAP fees constitute hidden finances charge under TILA and Regulation Z. In addition, the defendant did not disclose that it keeps a significant portion of the GAP fee as its commission.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 and 28 U.S.C. § 1331.

2. Plaintiff is a resident and citizen of Birmingham, Jefferson County, Alabama.

3. Defendant is a Georgia corporation that does business in Alabama.

4. As to the named plaintiff, the events complained of herein occurred in this district.

## FACTUAL ALLEGATIONS

5. On or about May 11th 2009, the plaintiff obtained a loan from Defendant with a disclosed "Amount Financed" of $6,438.72 as shown by

the "Precomputed Note, Disclosure, and Security Agreement No. 71346." A copy of that loan agreement is filed herewith as exhibit "A" and incorporated by reference.

6. Motormax is a "creditor" within the meaning of TILA and Regulation Z. During each of the last several years, Motormax entered into more than 25 transactions per year in which credit was extended in exchange for a finance charge, or in which a consumer contracted to pay for a purchase in four or more installments.

7. The transaction of the plaintiff with Defendant was an extension of consumer credit by a creditor subject to TILA and Regulation Z.

8. The "Itemization of Amount Financed" portion of the contract shows the following:

| | |
|---|---:|
| "AMOUNT GIVEN TO ME DIRECTLY" | $1,500.00 |
| "AMOUNT PAID ON MY (LOAN)" | 0.00 |
| "DOCUMENT FEE" | 99.00 |

"AMOUNTS PAID TO OTHERS ON MY BEHALF:"

| | |
|---|---:|
| "to Insurance companies" | 0.00 |
| "to Public Officials for Title Fee" | 16.50 |
| " M M F S #70016" | 4,493.22 |
| "Motors Acceptance for GAP Waiver" | 330.00 |
| "Amount Financed" | $6,438.72 |

9. Applying a 47.05% annual interest rate, the defendant understated the Finance Charge disclosing that it was $3,734.40. This is shown by the "Truth In Lending Disclosure Statement," exhibit A. The disclosure statement is inaccurate and in violation of Regulation Z Section because it does not include the "Document Fee" or the GAP charge as part of the finance charge. The defendant overstated the Amount Financed by the inclusion of these charges in that calculation.

10. Regulation Z, 12 C.F.R § 226.17(a)(1), requires that the disclosures specified in §226.18 be made "clearly and conspicuously," which includes the requirement that they be accurate.

11. Plaintiff was charged for "Document Fee" and GAP coverage by the defendant incident to the extension of the credit.

12. Said "Document Fee" and GAP charge were *included* in the calculation of the Amount Financed when they should have been *excluded*.

13. Conversely, the "Document Fee" and GAP charge were *excluded* from the calculation of the Finance Charge when they should have been *included* in that calculation.

14. In order to exclude credit insurance from the calculation of the "Finance Charge" a creditor must clearly and conspicuously disclose, among other things, that the insurance is not required by the creditor.

15. Furthermore, the consumer must sign or initial an affirmative written request for the credit insurance after receiving the disclosures required by TILA and Regulation Z.

16. Plaintiff and many class members did not make any affirmative written request for GAP coverage. Furthermore, Defendant's form does not clearly and conspicuously disclose that GAP insurance is not required or that GAP may be obtained from a person of the consumer's choice.

17. Finally, the defendant failed to disclose that it retained most of the GAP premium it charged and paid only a small portion of it for the GAP coverage. Instead, Defendant inaccurately stated that the GAP premium paid in full to a third party.

18. The violations complained of herein were either intentional or occurred due to negligence and/or the negligent supervision and training by Defendant of its employees.

## COUNT I: TRUTH IN LENDING ACT VIOLATION

19. Plaintiff restates the relevant forgoing paragraphs of this complaint in support of this count.

20. Defendant failed to comply with TILA's disclosure requirements and Plaintiff's contract violates TILA and Regulation Z § 226.4(d)(1)(ii) because it did not include the "Document Fee" and GAP

charge as part of the finance charge and it inaccurately stated that the full amounts charged for GAP insurance was paid to others.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against defendant as follows:

    a. For appropriate actual and statutory damages;

    b. For attorney's fees, litigation expenses and costs; and

    c. For such other or further relief as the Court deems appropriate.

## COUNT II: FOR CLASS ACTION RELIEF

21. Plaintiff incorporates the foregoing by reference as though fully set forth herein.

22. Pursuant to Fed.R.Civ.P. 23, plaintiff brings this action on behalf of a class. The class consists of all persons who satisfy the following criteria:

    a. Entered into a consumer credit transaction with defendant; and

    b. In connection with the consumer transaction, the consumer was charged by defendant for "Document Fee", however denominated, that is included in the "Amount Financed"; and/or

    c. In connection with the consumer transaction, the consumer was charged by defendant for GAP coverage; and

    d. The loan contract no affirmative written request for GAP as required by Regulation Z § 226.4(d)(1)(ii); and their Truth-In-Lending Act disclosure, and fails to disclose the GAP premiums as a finance charge; or

      e. The retail installment contract contains no disclosure that GAP coverage may be purchased from the person of the consumer's choice; or

      f. The retail installment contract fails to disclose that the defendant retains the major portion of the charges for the GAP coverage at issue.

23.    The class is so numerous that joinder of all members is impracticable.

24.    Defendant enters into hundreds or thousands of such transactions each year.

25.    There are questions of law or fact common to the class, which predominate over any questions affecting only individual members of the class. The common questions of law or fact include the following:

      a.    Whether the disclosures complained of constitute inaccurate disclosures of the itemization of amount financed, and thus violate TILA and Regulation Z;

      b.    Whether the disclosures complained of constitute inaccurate disclosures of the itemization of the finance charge, and thus violate TILA and Regulation Z;

      c.    Whether the violations were intentional or negligent in nature;

      d.    The measure of statutory damages that is appropriate; and

      e.    The measure of actual damages that is appropriate.

26. Plaintiff will fairly and adequately represent the interests of the class members.

27. Plaintiff and each class member have suffered pecuniary injuries as a result of Defendant's practices.

28. Plaintiff has retained experienced counsel to prosecute this action.

29. Plaintiff and her counsel have no interests which would lead them not to vigorously prosecute this action.

30. A class action is a superior means for the fair and efficient prosecution of this litigation. Most of the class members are not aware of the wrong or their right to legal redress, making a class action essential. Individual litigation is not economically feasible. At the same time, defendant derives enormous aggregate profits from violating TILA. In the absence of a class action, this serious wrong will go unredressed.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Defendant as follows:

    a. For appropriate actual and statutory damages.

    b. For attorney's fees, litigation expenses and costs.

    c. For such other or further relief as the Court deems appropriate.

**TRIAL BY JURY DEMANDED**

RESPECTFULLY SUBMITTED:

Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiff
21 South Section Street
Fairhope, AL 36532
251-990-5558
epunderwood@alalaw.com


/s/ Keith R. Martin
Keith R. Martin
Attorney for Plaintiff
205 20th Street North
Suite 927
Birmingham, AL 35203
(205) 328-0401


/s/ A. Wilson Webb
A. Wilson Webb
Attorney for Plaintiff
924 3rd Avenue, Suite B
Gadsden, AL 35901
256- 543-0150
888- 705-9273 (fax)


PLEASE SERVE DEFENDANT BY CERTIFIED MAIL

# EXHIBIT A

| Motormax Financial Services Corp. | Mecheca Prince | |
|---|---|---|
| P O Box 468 | 976 Hillcrest Avenue | Loan Number: 71346 |
| Columbus   Ga  31902 | Birmingham, Al. 35235 | Date: 05/11/2009 |
| | | Maturity Date: 05/20/2011 |
| | | Loan Amount $: 10,173.12 |
| | | Renewal Of: (NA) |

TERMS FOLLOWING A ☐ APPLY ONLY IF CHECKED

NOTE - For value received, I promise to pay to you, or your order, at your address above, the sum of: ---- Next Line ----
Ten Thousand, One Hundred Seventy Three And 12/100 Dollars $ 10,173.12.

ADDITIONAL FINANCE CHARGES - ☐ I agree to pay a refundable interest surcharge fee of $ (NA). ☐ I agree to pay a processing fee of $ (NA).
The processing fee is ☐ refundable. ☐ nonrefundable. Fees will be ☐ paid in cash. ☐ paid pro rata over the term of the loan. ☐ withheld from the proceeds. (Fees withheld from the proceeds are included in the principal sum.)

PAYMENT - I will pay this note as follows:
(a) ☒ In 24 installments of $ 423.88 each, beginning 06/20/2009 and continuing on the same day of each ☒ month
    ☐ ---------(N/A)--------- thereafter until paid in full.
(b) ☐ (other) (N/A)
    (N/A)

PAYMENTS - This is a precomputed note which means that the sum I have agreed to pay already includes the finance charges payable hereafter to maturity.
PREPAYMENT - I may prepay this note in whole or in part at any time. However, any partial prepayment will not reduce or excuse any subsequently scheduled payments until this note is paid in full. Page 2 states the rules for calculating rebates in the event I prepay in full.

☒ LATE CHARGE - I agree to pay a late charge on the portion of any payment made more than -- 10 -- days after it is due equal to 5 % of Amount Past Due
----(N/A)----.
POST-MATURITY INTEREST - Interest will accrue at the rate of 47.05 % per year on the balance of this note not paid at maturity, including maturity by acceleration.
THE PURPOSE OF THIS LOAN IS - Vehicle Refinance

SECURITY - You have certain rights that may affect my property as explained on page 2. This loan ☐ is ☒ is not further secured.
(a) ☒ This loan is secured by 2007 DODGE CHARGER VIN# 2B3KA43G37H850802 , dated 05/11/2009.
(b) ☐ Security Agreement - I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreement secures are defined on page 2 of this agreement.

This Property will be used for Personal Use purposes.

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf | TOTAL OF PAYMENTS<br>The amount I will have paid when I have made all scheduled payments. | I have the right to receive at this time an itemization of the Amount Financed. |
|---|---|---|---|---|
| 47.05 % | $ 3,734.40 | $ 6,438.72 | $ 10,173.12 | Yes  YES - I want an itemization.<br>NO - I do not want an itemization. |

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 24 | $ 423.88 | 20 day of each month until loan is paid in full, Starting 6/20/2009 | "e" means an estimate. |
| | $ | | $ 0.00 Filing Fees |
| | $ | | $ 0.00 Nonfiling Insurance |
| | $ | | |

Security - I am giving a security interest in: ☐ (brief description of other property)
☒ the goods or property being purchased.
☐ collateral securing other loans with you may also secure this loan.
☐ my deposit accounts and other rights to the payment of money from you.
☒ Late Charge - I will be charged a late charge on the portion of any payment made more than Ten days after it is due equal to 5 % of Amount Past Due
☐ Required Deposit - The annual percentage rate does not take into account my required deposit.
Prepayment - If I pay off this note early, I may be entitled to a refund of part of the finance charge.
☒ Assumption - Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.
I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

CREDIT INSURANCE - Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life | (NA) | (NA) |
| Credit Disability | (NA) | (NA) |
| Joint Credit Life | (NA) | (NA) |
| | (NA) | (NA) |

| ITEMIZATION OF AMOUNT FINANCED | |
|---|---|
| AMOUNT GIVEN TO ME DIRECTLY | $ 1,500.00 |
| AMOUNT PAID ON MY (LOAN) | $ 0.00 |
| Document Fee | $ 99.00 |
| AMOUNTS PAID TO OTHERS ON MY BEHALF: | |
| to Insurance Companies | $ 0.00 |
| to Public Officials for Title Fee | $ 16.50 |
| M M F S #70016 | $ 4,493.22 |
| (N/A) | $ 0.00 |
| Motors Acceptance for GAP Waiver | $ 330.00 |
| (N/A) | $ 0.00 |
| Amount Financed | $ 6,438.72 |

☐ co ☒ do not want credit life insurance.
☐ do ☒ do not want credit disability insurance.
☐ do ☒ do not want joint credit life insurance.
☐ do ☒ do not want (NA) insurance.
X _____ DOB 02/06/1972
X _____ DOB

(Add all items financed and subtract prepaid finance charges.)
Signatures and Seals: In witness whereof, I have signed my name and affixed my seal on this 11TH day of May. By doing so, I agree to the terms of this note and security agreement (including those on page 2) and acknowledge receipt of at least one copy on today's date.
COSIGNERS - SEE NOTICE ON PAGE 2 BEFORE SIGNING.
CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Signature _Mecheca Prince_ (SEAL)

PROPERTY INSURANCE - I may obtain property insurance from anyone I want that is acceptable to you, or may provide it through an existing policy. If I get the insurance from or through you I will pay $ (N/A) for (N/A) of coverage.

SINGLE INTEREST INSURANCE - I may obtain single interest insurance from anyone I want that is acceptable to you, or may provide it through an existing policy. If I get the insurance from or through you I will pay $ (NA) for (NA) of coverage.

Signature _____ (SEAL)

(Optional)
Signed _____ For Lender (SEAL)
Title Asst Manager

PRECOMPUTED NOTE, DISCLOSURE, AND SECURITY AGREEMENT

©COPY  CONSUMER LOAN - NOT FOR OPEN-END CREDIT
(page 1 of 2)
ORIGINAL